IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

OHIO FARMERS INSURANCE COMPANY,

    Plaintiff,

v.                                          Civil Action No. 5:05CV154
                                                              (STAMP)
NUZUM TRUCKING COMPANY,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT**

On March 3, 2006, Ohio Farmers Insurance Company ("OFIC"), the plaintiff in the above-styled civil action filed a motion for leave to amend complaint and a memorandum in support thereof. In the original complaint, the plaintiff seeks a declaratory judgment that it has no duty or obligation to defend or indemnify the defendant, Nuzum Trucking Company ("Nuzum"), for the claims relating to alleged contamination of property filed against Nuzum by Lenora Perrine, Carolyn Holbert, Waunona Messinger, Rebeccah Morlock, Anthony Beezel, Mary Ellen Montgomery, Mary Luzader and Truman R. Desist. In the underlying complaint, the above-mentioned plaintiffs allege that they have been exposed to toxic materials released into the area.

OFIC in the above-styled action seeks an amendment to its complaint arguing that additional claims have been asserted by Tony Lee Drummond, individually, and as personal representative of the Estate of Danny Thomas Drummond, and as next friend of Danielle Grace Drummond. Accordingly, OFIC seeks to amend the complaint to

include the Drummond plaintiffs in this declaratory judgment action.

Federal Rule of Civil Procedure 15(a) provides that a party may amend its pleadings at any time by leave of the district court, which "shall be freely given when justice so requires." The decision whether to grant leave to amend rests with the sound discretion of the district court. See Sandcrest Outpatient Serv., P.A. v. Cumberland County Hosp. Sys., Inc., 853 F.2d 1139, 1148 (4th Cir. 1988). "In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance to the amendment, futility of the amendment, etc. -- the leave should, as the rule requires, be 'freely given.'" Foman v. Davis, 371 U.S. 178, 182 (1962).

In light of the reasons stated by the plaintiff in its motion for leave to amend and because no response to OFIC's motion to amend has been filed by the defendant, the plaintiff's motion to amend is hereby GRANTED pursuant to the liberal standards of Federal Rule of Civil Procedure 15(a).

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to counsel of record herein.

DATED:     April 4, 2006

                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE